**Carl COCHRAN, JoAnn H. Cochran, Plaintiffs,**

v.

**CELOTEX CORP., Eagle–Picher Industries, Keene Corporation, Raymark Industries, Inc., Owens–Illinois, Owens–Corning Fiberglas Corporation, Crown Cork & Seal Company, Inc., Pittsburgh–Corning Corporation, Armstrong World Industries, Inc., Fibreboard Corporation, Defendants.**

No. 87–3205.

United States District Court, C.D. Illinois, Springfield Division.

May 12, 1989.

Lisa A. Blue, Baron & Budd, Dallas, Tex., Jack Nathan, Spector, Tappa, Kopp & Nathan, Rock Island, Ill., for plaintiffs.

Robert H. Shultz, Jr., Heyl, Royster, Voelker & Allen, Edwardsville, Ill., for defendants Celotex Corp., Keene Corp., Owens–Illinois, Owens–Corning Fiberglas Corp., Pittsburgh–Corning Corp., and Fibreboard Corp.

Fred B. Moore, Livingston, Barger, Brandt & Schroeder, Bloomington, Ill., Raymond H. Modesitt, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, Ind., for defendant Raymark Industries, Inc.

Robert P. Harris, Harold A. Harris, Ltd., Chicago, Ill., for defendant Crown Cork & Seal Co., Inc.

Michael J. Nester, Donovan, Rose, Nester & Szewczyk, P.C., Belleville, Ill., Martin J. Murphy, Cleveland, Ohio, for defendant Eagle Picher Industries.

Robert H. Riley, Joseph J. O'Hara, Jr., Schiff, Hardin & Waite, Chicago, Ill., William S. Daniel, Belleville, Ill., for defendants Owens–Illinois, Fibreboard Corp. and Pittsburgh Corning Corp.

Robert L. Martier, Lundblad & Baker, Chicago, Ill., for defendant Owens–Corning Fiberglas Corp.

## SUPPLEMENTAL OPINION

RICHARD MILLS, District Judge:

Now we are required to speak to *letters* sent to the presiding judge by a lawyer in the case—letters dealing with substantive and procedural issues in the litigation.

The Court is in receipt of a letter written by Attorney Frederick M. Baron, dated April 13, 1989, and received in chambers on April 17, 1989. Previously this Court received, on January 24, 1989, another letter from Mr. Baron dated January 23, 1989. Both of these letters concern this Court's final ruling in this case, published at 123 F.R.D. 307.

Counsel in this and all other cases pending before this court are admonished that it is improper to communicate with any court by means of correspondence—the appropriate method of communicating with a court is by means of motion. The letter dated January 23, 1989, indicated that copies had additionally been submitted to all counsel of record. Indeed, the Court has become aware that at least one commercial publication published that letter. The letter dated April 13, 1989, however, bears no indication that Mr. Baron sent copies to other counsel. This sort of *ex parte* communication with the Court is highly inappropriate and has already landed Mr. Baron in trouble with this Court once. Hence, we trust that from here on Mr. Baron will only address the Court by the permissible mode of a motion.

The circumstances here illustrate the impropriety of and futility in addressing the Court by letter. Final judgment was entered in this case on December 14, 1988. The time within which to file a motion under Rule 59(e) therefore expired no later than January 2, 1989. Similarly, the time within which to file a notice of appeal expired no later than January 15, 1989. Fed. R.App.P. 4(a). Mr. Baron, however, ignored these time limitations and, instead of taking the appropriate steps, mailed to the Court one letter dated January 23, 1989, and another dated April 13, 1989.

Indeed, on January 16, 1989—the day after the final date for filing a notice of appeal—Mr. Baron *paid* the costs assessed by the Court in its final and appealable order!

Back to the letters: neither specifies any legal grounds for whatever relief Mr. Bar-

on seeks, nor does either letter explain why the Rules pertaining to post-judgment relief should not be adhered to. The letters were addressed to the Court's chambers, not to the Clerk's office, and so presumably were not even intended by Mr. Baron to become a part of the record. In light of all this, it seems that these letters were intended to out-flank the established Rules and to gain an advantage which Mr. Baron was procedurally barred from achieving.

But as we noted in our earlier order, this Court controls this battlefield, and we require all litigants, including Mr. Baron, to march in step with the Rules of these engagements. If Mr. Baron seeks post-judgment relief, he shall be required to do so by means of a proper motion, as is everyone else appearing here. The Court shall thus disregard these two letters, beyond placing them in the public file.

*Ergo*, the Clerk's office is DIRECTED to file and docket these two letters. A copy of the April 13, 1989, letter is to be forwarded to all counsel of record. The filing shall be only for purposes of making these documents available for public inspection.